# KELLOGG, WILLIAMS & LYONS
### ATTORNEYS AT LAW
**1925 K Street, N.W., Suite 200**
**Washington D.C., 20006**

---

**(202) 496-0722**
**Facsimile (202) 331-1257**

April 19, 2006

Assistant United States Attorney
  Michael T. Truscott
Office of the United States Attorney
555 - 4th Street, N.W.
Washington, D.C.  20530

    Re:  <u>U. S. v. Curtis Wilson, et al., Cr. No. 06-061 (RCL)</u>

Dear Mr. Truscott:

    On behalf of my client, Mr. Jerome Kinard, I ask that you furnish me with the following information and documents (if any responsive information or documents exist or are subsequently located) within the possession, custody, or control of your office or any government agency allied with your office (including without limitation the MPD, the DEA, the FBI, and the Bureau of Alcohol, Tobacco, and Firearms):

    1.  Any relevant written or recorded statements made by Mr. Kinard, or copies thereof, relating to his arrest or to these charges, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. <u>See</u> Federal Rule of Criminal Procedure ("FRCrP") 16(a)(1)(A).

    2.  Any portion of any written record containing the substance of any relevant oral statements made by Mr. Kinard whether before or after his arrest on January 24, 2006, or in response to interrogation by any person then known to him to be a government agent. <u>See</u> FRCrP 16(a)(1).

    3.   The substance of any oral statements that the government intends to offer in evidence at trial made by Kinard, whether before or after arrest, in response to interrogation by any person then known to him to be a government agent.  See FRCrP 16(a)(1)(A).

    4.   A copy of any prior criminal record of Mr. Kinard within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.  See FRCrP 16(a)(1)(B).

    5.   All books, papers, documents, photographs, tangible objects, or copies or portions thereof that were obtained from or belong to, or are alleged to belong to Mr. Kinard.  See FRCrP 16(a)(1)(C).  This includes, but is not limited to, materials seized at the time of Mr. Kinard's arrest.

    6.   All books, papers, documents, photographs, tangible objects, or copies or portions thereof that the government intends to use at trial as evidence in its case-in-chief.  See FRCrP  16(a)(1)(C).

    7.   Viewing letters indicating that you have no objection to me and/or my investigator inspecting:

        a.   all narcotics and weapons involved in this case;

        b.   all other tangible objects in the custody of any law-enforcement entity;

        c.   money;

        d.   any ziplocks; razor blades, drug paraphernalia, or other similar matter;

        e.   any other tangible or physical evidence or summaries, graphs, or charts of evidence you intend to offer into evidence.

    8.   All books, papers, documents, photographs, tangible objects, or copies or portions thereof that are material to the preparation of the defense, see FRCrP 16(a)(1)(C).

    9.   All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof that are material to the preparation of the defense or are intended for use by the government as evidence in its case-in-chief at trial.  See FRCrP 16(a)(1)(D).  This request includes without limitation:  (1) a list of all objects that were examined for fingerprints or handwriting in connection with this case and

the results of all such examinations; (2) the DEA-7's reflecting tests performed on the alleged narcotics and/or narcotics paraphernalia involved in this case.

   10.   Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including Giglio v. United States, 405 U.S. 150 (1972), we request prompt disclosure of all documents or information (in whatever form) that would (a) tend to exculpate Mr. Kinard with respect to the charges in the indictment, or (b) that might be deemed material to the defense or (c) that would tend to impeach the witnesses against him, or (d) that are relevant to the issue of sentencing. We specifically request all documents and information (in whatever form) within the possession, custody, or control of your office or any government agency allied with your office (including without limitation the MPD, the DEA, the FBI, and the Bureau of Alcohol, Tobacco, and Firearms).  See United States v. Brooks, 966 F.2d 1500 (D.C. Cir. 1992); United States v. Perdomo, 929 F.2d 967 (3rd Cir. 1991). This request includes, but is not limited to, the following:

       a.   all documents or information (in whatever form) that arguably shows that Mr. Kinard was not involved or connected with or had any part in activities or statements made by his alleged co-defendants or of other persons that the government tends were involved in the offenses charged but who have not been named as defendants.

       b.   all documents or information (in whatever form) indicating that any government witness made any statements (whether written or oral), which statements tend to exculpate Mr. Kinard.

       c.   all documents or information (in whatever form) that may be used to impeach the credibility of any government witness.  See United States v. O'Connor, 64 F.3d 355 (8th Cir. 1995) (failure to disclose that government witness had been threatened); United States v. Kelly, 35 F.3d 929 (4th Cir. 1994) (failure to disclose letter from victim relevant to victim's credibility); United States v. Dimas, 35 F.3d 1015 (7th Cir. 1993) (failure to disclose that government witness had falsified report in unrelated case); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (failure to disclose that informant had lied during investigation); United States v. Brumel-Alvarez, 976 F.2d 1235 (9th Cir. 1992) (failure to disclose internal DEA memorandum questioning reliability of informant). This request includes without limitation:

           (1)   all documents or information (in whatever form) reflecting any conviction or arrest or juvenile adjudications, parole status, or pending case of any government witness.  See Davis v. Alaska, 415 U.S. 309 (1974);

(2) all documents or information (in whatever form) relating to material inconsistencies in statements given by any government witness. United States v. Hibler, 463 F.2d 455, 460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story or the witness); Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979) (duty to disclose police officer's evidence refuting witness's statement he identified defendant at lineup);

(3) all documents or information (in whatever form) bearing adversely on the character or reputation for truthfulness of any government witness. See F.R.E. 608.

(4) all documents or information (in whatever form) that relate to whether any government witness or prospective government witness is or was suffering from any mental disability or emotional disturbance or is or was addicted to or using drugs or alcohol at any time during the period of investigation to the present. Calves v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency of witness);

(5) any instance in which it was determined by a judge or jury or administrative board that a prospective government witness was not credible;

(6) all documents or information (in whatever form) relating to promises, consideration, or inducements made to any government witness, whether directly to the witness or indirectly to the witness through the witness's attorney, friends, family, or business associates. "Consideration" means anything of value or use, monetary or otherwise, including but not limited to: immunity grants, whether formal or informal, witness fees, transportation assistance, money, or suggestion of possible favorable treatment with respect to any criminal, civil, or administrative matter, including but not limited to forfeiture. See United States v. Staffer, 789 F.2d 682 (9th Cir. 1986) (failure to disclose assets of informant/witness in light of government's failure to move for forfeiture of those assets despite lack of formal agreement not to seek forfeiture).

(7) all documents or information (in whatever form) relating to threats to or coercion of any government witness, whether made directly to the witness or indirectly to the witness through the witness's attorney, friends, family, or business associates. The terms "threats" and "coercion" include without limitation statements or suggestions that the witness could be prosecuted; that the witness could be subpoenaed to testify before a grand jury; that the government could exercise any influence whatsoever over any pending or threatened civil, juvenile, criminal, or administrative litigation involving the

witness or the witness's family or close friends, including forfeiture; or that the government could exercise any influence whatsoever over the witness's parole, probation or custodial status. See United States v. O'Connor, 64 F.3d 355 (8th Cir. 1995) (failure to disclose that government witness had been threatened).

(8) each specific instance of conduct from which it could be inferred that any government witness is untruthful.

11. As a predicate to a motion pursuant to FRCP 12, please inform me:

a. whether any evidence that the government intends to introduce at trial was obtained by a search or seizure, and a description of such evidence;

b. what, if any, any evidence in the government's possession, custody, or control was obtained through electronic surveillance, including, without limitation, Title III wire interceptions, "consensual" wiretaps or body wires, and a description of such evidence.

c. whether any confidential source or special employee was used in the detection or investigation of the alleged offenses in this case and the identity of such person(s). Raver v. United States, 353 U.S. 53 (1957).

12. Pursuant to Rule 404(b) of the Federal Rules of Evidence, we request that you promptly disclose any similar crimes, wrongs, or acts allegedly committed by Mr. Kinard upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident. (We intend to file a formal motion for the record on this particular request.)

13. We request that you disclose the date on which the grand jury heard evidence in this case; the identities of all persons to whom grand jury materials were disclosed; whether any persons were present during grand jury deliberations other than the grand jurors, witnesses, the court reporter, and the Assistant United States Attorney; the instructions provided to the grand jury before the indictment was returned; and the voting record.

14. Please furnish in advance of trial all prior statements by any person who will be a government witness at any motions or suppression hearing or at trial. FRCP 12(I) and 26.2.

15. If not already furnished, please furnish copies of the following documents: M.D. 163, 251, 252, 255, 95, 47, and 81;

FBI 302s; and similar police or investigative agency reports.

    16. Pursuant to FRCP 12, we request that you provide a written summary of testimony the government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial. We request that this summary also describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. See FRCP 16(a)(1)(E).

    17. Disclosure of whether the government knows or has reason to believe that a material witness will be not be available for trial. See United States v. Mendez-Rodriquez, 450 F.2d 1 (9th Cir. 1971).

    18. In addition to the foregoing, the defense specifically requests the following as material subject to mandatory disclosure under Brady/Giglio, as well as the defendant's Sixth Amendment Compulsory Process Clause right to discover the identity of favorable witnesses and the existence of exculpatory evidence, United States v. Nixon, 418 U.S. 683, 709 (1974):

    a. "negative exculpatory statements" -- any statement made by a person who would have been expected to or did witness some or all of the events alleged in this case who fails to mention my client. United States v. Jago, 575 F.2d 1164 (6th Cir. 1978);

    b. any failure by an eyewitness to identify my client as an actor in a transaction in which the government contends he personally participated;

    c. the local and FBI arrest and conviction record of every prospective government witness, including the docket number and jurisdiction of all pending cases. United States v. Perdomo, 929 F.2d 967, 970-971 (3rd Cir. 1991) (check of NCIC records did not satisfy obligation to reveal conviction record of government witness -- information available to prosecutors and agencies working with prosecutor must be disclosed); United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed).

    d. the local and FBI criminal records of all out-of-court statements the government will seek to introduce as an exception to the hearsay rule. F.R.E. 806;

    e. a copy of any federal or state presentence or probation report of any prospective witness. United States v. Figurski, 545 F.2d 389 (4th Cir. 1976); United States v. Anderson, 724 F.2d 596, 598 (7th Cir. 1984) (presentence report contents that impeach credibility of witness are discoverable); Strifler, supra at 1201;

  f. disclosure of whether any government witness has been polygraphed and if so, whether any witness failed any portion of such exam. Such information is producible under <u>Brady</u>. <u>See</u> <u>Bartholomew</u> v. <u>Wood</u>, 34 F.3d 870 (9th Cir. 1994).

  g. any discussions with a prospective witness, or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. <u>Brown</u> v. <u>Dugger</u>, 831 F.2d 1547, 1558 (evidence that witness sought plea bargain is to be disclosed, even if no deal was struck); <u>Haber</u> v. <u>Wainwright</u>, 756 F.2d 1520, 1523-1524 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes). This request includes any express or implicit threat by a government agent against a prospective witness for that witness's refusal to testify. <u>United States</u> v. <u>Sutton</u>, 542 F.2d 1239 (4th Cir. 1976);

  h. any evidence that any prospective witness is or has been under investigation by federal, state or local authorities for any criminal conduct unrelated to the instant indictment. <u>United States</u> v. <u>Chitty</u>, 760 F.2d 425, 428 (2nd Cir. 1985) (government is under affirmative duty to disclose fact that government witness is under investigation);

  i. any evidence that any prospective witness has ever made any false statement to authorities, whether or not under oath or under penalty of perjury. <u>United States</u> v. <u>Cuffie</u>, 80 F.3d 514 (D.C. Cir. 1996) (reversing conviction for failure to disclose key witness's perjury in another proceeding); <u>Strifler</u>, <u>supra</u> (evidence that witness previously lied must be disclosed);

  j. any evidence that any prospective government witness is biased, prejudiced, or has a motive to be biased or prejudiced against the defendant for any reason. <u>Strifler</u>, <u>supra</u> at 1202 (motive for witness to inform is discoverable); <u>United States</u> v. <u>Sperling</u>, 726 69 (2nd Cir. 1984);

  k. any evidence that any prospective government witness has consumed alcohol, controlled substances, or prescription medication, within 36 hours prior to testifying at trial and/or prior to the events about which the witness is testifying. <u>King</u> v. <u>Ponte</u>, 717 F.2d 635 (1st Cir. 1983);

  l. if an informant was used in this case and will be a government witness, please provide a complete copy of all files maintained by the government or its agencies concerning such informant regardless of the title or name of such file. <u>United States</u> v. <u>Garrett</u>, 542 F.2d 23 (6th Cir. 1976); <u>United States</u> v. <u>Deutch</u>, 475 F.2d 55 (5th Cir. 1973).

    m.  please disclose the names and addresses of non-testifying witnesses to the offenses allegedly committed by the defendant.  <u>United States</u> v. <u>Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984) (defendant entitled to discovery of non-testifying witnesses because it is logical to infer that a person who witnessed a criminal act whom the government does not intend to call at trial reasonably would provide testimony favorable to the defendant).

    We request as part of the government's ongoing obligation to disclose material to the defense under the foregoing legal authority that you make specific inquiry of each government agent connected to this case for each of the above listed items.  <u>United States</u> v. <u>Jackson</u>, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge attributable to prosecutor); <u>United States</u> v. <u>Bailleux</u>, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI deemed in custody of prosecutor); <u>United States</u> v. <u>Auten</u>, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of prosecution); <u>United States</u> v. <u>Butler</u>, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise by agent to witness even if prosecutor did not know about the promise).

    We also request pursuant to <u>Kyles</u> v. <u>Whitley</u>, 514 U.S. 419 (1995), that you review the personnel file of any trial witness employed by the government to determine if there are any arguably exculpatory materials therein such as disciplinary actions for untruthfulness or other material reflecting on credibility, or compliance with statutes or agency regulations, rules, policy, practices, or guidelines, e.g., has the witness ever been disciplined.

    Also, we understand that your office maintains a list of police officers who should not be called as prosecution witnesses because there are disciplinary actions pending against them, they have been indicted or under investigation, they have a history of perjury, or for other reasons.  If any government witness's name appears on that list, please disclose that fact to me.  <u>See United States</u> v. <u>Lacy</u>, 896 F.Supp. 982 (N.D. Cal. 1995).

    We also recognize that you have already responded to several of the foregoing discovery requests in your letter dated March 7, 2006, however, we request that you respond specifically to this letter so that we have a written record of what the government has produced, will produce in the future, and what the government refuses to produce.  I will file a copy of this letter in the court file to memorialize our discovery request.

    Thank you.

                              Sincerely yours,

/s/James L. Lyons

JLL:hs
 cc:  Court Case File