UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JEROME KINARD
  (Lead Defendant:
   Curtis Wilson)

Crim. No. 06-061  (RCL)

**MOTION TO SEVER DEFENDANTS AND**
**POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Jerome Kinard, through undersigned counsel and pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure, moves for a severance of his trial from the trial of his codefendants.

**THE INDICTMENT**

By indictment filed March 2, 2006, defendant Kinard and codefendants Curtis Wilson, Alonzo Patrick, and Travis Sweet were charged in a five-count indictment as follows:

Count One charges defendant Kinard with distribution of crack cocaine on January 18, 2006;

Count Two charges codefendant Curtis Wilson with maintenance of a premises -- 3650 Minnesota Avenue, S.E., #101, Washington, D.C. -- to distribute drugs on January 24, 2006;

Count Three charges codefendant Travis Sweet with distribution of crack cocaine on January 24, 2006;

Count Four charges codefendants Travis Sweet and Alonzo Patrick with possession with intent to distribute 5 grams or more of crack cocaine on January 24, 2006; and

Count Five charges codefendant Curtis Wilson with possession of a firearm and ammunition on January 24, 2006, having been previously convicted of a felony.

**ARGUMENT**

**1.    Misjoinder under Rule 8(b)**

Rule 8(b) of the Federal Rules of Criminal Procedure provides that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.  (As amended Dec. 1, 2002.)

Rule 8(b) limits what the government can put together in a single indictment.  As our Court of Appeals made clear in United States v. Nicely, 922 F.2d 850 (D.C. Cir. 1991), "Rule 8(b)'s language 'may not be read to embrace similar or even identical offenses, unless those offenses are related . . . [T]here must be a logical relationship between the acts or transactions within the series.'"  Id., at 853, quoting United States v. Perry, 731 F.2d 985, 990 (D.C. Cir. 1984) (citations omitted) (emphasis in original).

As noted, defendant Kinard is not charged with any of the several criminal offenses that the codefendants are alleged to have committed on January 24, 2006, and none of the codefendants are charged with the narcotics distribution that defendant Kinard is alleged to have committed on January 18, 2006.

Moreover, although the indictment contains a citation to 18 U.S.C. §2 (aiding and abetting) in the statement of "VIOLATIONS" at the top of page one, the indictment is bare of any allegations -- either general or specific -- that defendant Kinard aided and abetted the codefendants as regards the January 24, 2006, offenses in Counts Two, Three, Four and Five or that the codefendants aided and abetted defendant Kinard as regards the January 18, 2006, distribution charge in Count One.

In short, the indictment itself does not establish proper Rule 8(b) joinder of defendant Kinard's offense in Count One with the codefendants' offenses in Counts Two through Five.

We recognize, however, that in this circuit the failure of the indictment itself to show proper Rule 8(b) joinder is not controlling on the issue of severance. <u>Perry</u> permits the government at a pretrial hearing -- through representations and evidence -- to establish (1) the necessary relationship between the acts or transactions within the series and (2) the defendant's participation in the series of acts or transactions at issue. <u>Perry</u>, <u>supra</u>, 731 F.2d at 987, 990-991.[1]

---

[1]   Compare <u>United States</u> v. <u>Bledsoe</u>, 674 F.2d 647, 655 (8th Cir. 1982) ("[Propriety of joinder must appear on the face of the indictment.").

In Perry, codefendants Lynch and Perry were charged in a three-count indictment as follows:  count one charged Perry alone with narcotics distribution on September 28, 1982; count two charged Perry and Lynch with narcotics distribution on October 12, 1982; and count three charged Perry and Lynch with PWID on October 12, 1982.  731 F.2d at 988, n.2.

Defendant Lynch moved to sever the September 28 transaction in count one from his trial on counts two and three because he was not named in count one and there was no proper basis under Rule 8(b) to join the three counts.  731 F.2d at 998-999.

In analyzing Rule 8(b) the Court concluded that for proper joinder, the government had to establish pretrial "some participation on the part of appellant Lynch in the September 28 transaction . . . ."  731 F.2d at 989.  The Court held that joinder was permissible under Rule 8(b) because at the motions hearing the government produced "substantial evidence that Lynch supplied the cocaine on September 28--and in that manner participated in that transaction." 731 F.2d at 991.  In addition, the Court found that the government established "the existence of a common scheme or plan spanning both transactions and both defendants."  Id.

To date, in counsel's view, none of the discovery materials provided to the defense establishes the propriety of Rule 8(b) joinder in this case.  Admittedly, the discovery documents assert that an undercover officer went to 3650 Minnesota Avenue, S.E., Apt. #101, and bought $20 worth of crack cocaine from Kinard.

4

The documents further assert that defendant Kinard was present at
the 3650 Minnesota Avenue premises on January 24, 2006, when the
police executed a search warrant and seized the drugs and weapon
that are the gravamen of the January 24 charges in Counts Two,
Three, Four and Five against the codefendants.

But, nothing in the discovery materials demonstrates that
defendant Kinard -- although in the apartment at the time of the
search and the arrest of the codefendants -- participated in the
January 24 transactions (possession of weapons and drugs, sale of
drugs, and maintenance of a drug establishment) that constitute
the offenses with which the codefendants are charged.  That is,
nothing in the documents indicate that defendant Kinard supplied
the codefendants with the drugs and weapon that were involved in
the January 24 transactions, or that he set up the undercover buy
on January 24, or that he was involved with the maintenance of
the apartment on January 24.[2]  At this point, the requirements of
Perry simply have not been met.

In sum, under Rule 8(b), as interpreted by Perry and Nicely,
defendant Kinard's mere presence at 3650 Minnesota Avenue on
January 24, 2006, does not establish that he participated in the

_____

[2]  Similarly, there is nothing in the discovery documents to
show that the codefendants participated in defendant Kinard's
alleged transaction on January 18, i.e., nothing in the documents
indicate that any of the codefendants supplied Kinard with the
drugs that he allegedly sold to the undercover officer or that
they assisted Kinard in the sale.  Indeed, the discovery
documents do not show that any of the codefendants were even
present in the 3650 Minnesota Avenue premises on January 18,
2006, when Kinard allegedly sold the drugs.

January 24 transactions, which in turn precludes Counts Two
through Five to be joined with Count One.

Accordingly, defendant Kinard's trial on Count One should be
severed from the trial of codefendants on Counts Two, Three, Four
and Five unless and until the government at a hearing on this
motion can satisfy the Court that joinder is appropriate under
Perry.

**2.    Relief from Prejudicial Joinder under Rule 14**

Defendant Kinard also asks the Court to exercise its
discretion under Rule 14 and sever his case from the cases of his
codefendants.

1.   Because defendant Kinard is not charged with the drugs
and weapon in Counts Two through Five and because the evidence
does not show that he participated with the codefendants in any
of those transactions, defendant Kinard will be prejudiced by the
"spillover" effect of having the trial of his codefendants on
Counts Two through Five joined with his charge in Count One.  See
United States v. Kelly, 349 F.2d 720 (D.C. Cir. 1965).

2.    Also, defendant Kinard maintains that the evidence
against him is so relatively minimal that he should be tried
separately from all the other codefendants to insure that he will
receive a fair trial.  See United States v. Mardian, 546 F.2d
973, 979-981 (D.C. Cir. 1976); United States v. Sampol, 636 F.2d
621, 642-651 (D.C. Cir. 1980); United States v. Andrews, 754 F.
Supp. 1161 (N.D. Ill. 1990).

It is well settled that this Court is vested with wide

discretion in considering severance motions.  See <u>United States</u>
v. <u>Maynard</u>, 476 F.2d 1170 (D.C. Cir. 1973), and we ask the Court
to use a commonsense approach and prevent unfair and unnecessary
prejudice to defendant Kinard by granting the relief sought
herein.


                       Respectfully submitted,


                    _____/s/_____
James L. Lyons  (50690)
Kellogg, Williams & Lyons
1925 K Street, N.W., Suite 200
Washington, D.C.  20006
(202) 496-0722